JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Goddard Systems, Inc. | Susan A. Masten and The Masten Team, Inc. |

| **(b)** County of Residence of First Listed Plaintiff    Montgomery, PA | County of Residence of First Listed Defendant    Fulton, GA |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
| | NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Constantine T. Fournaris, Wiggin and Dana, LLP, 50 S. 16th Street, Two Liberty Place, Suite 2925, Philadelphia, PA 19102; Tel: 215 988-8311 | |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**    **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane    ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product     Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument |     Liability    ☐ 367 Health Care/ | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &     Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
|     & Enforcement of Judgment |     Slander     Personal Injury | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'     Product Liability | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and |
| ☐ 152 Recovery of Defaulted |     Liability    ☐ 368 Asbestos Personal | | ☒ 840 Trademark |     Corrupt Organizations |
|     Student Loans | ☐ 340 Marine     Injury Product | | | ☐ 480 Consumer Credit |
|     (Excludes Veterans) | ☐ 345 Marine Product     Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment |     Liability    **PERSONAL PROPERTY** | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
|     of Veteran's Benefits | ☐ 350 Motor Vehicle    ☐ 370 Other Fraud |     Act | ☐ 862 Black Lung (923) |     Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle    ☐ 371 Truth in Lending | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 190 Other Contract |     Product Liability    ☐ 380 Other Personal |     Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal     Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 196 Franchise |     Injury    ☐ 385 Property Damage | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | ☐ 362 Personal Injury -     Product Liability |     Leave Act | |     Act |
| |     Medical Malpractice | ☐ 790 Other Labor Litigation | | ☐ 896 Arbitration |
| **REAL PROPERTY** | **CIVIL RIGHTS**    **PRISONER PETITIONS** | ☐ 791 Employee Retirement | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights    **Habeas Corpus:** |     Income Security Act | ☐ 870 Taxes (U.S. Plaintiff |     Act/Review or Appeal of |
| ☐ 220 Foreclosure | ☐ 441 Voting    ☐ 463 Alien Detainee | |     or Defendant) |     Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment    ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 240 Torts to Land | ☐ 443 Housing/     Sentence | |     26 USC 7609 |     State Statutes |
| ☐ 245 Tort Product Liability |     Accommodations    ☐ 530 General | | | |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -    ☐ 535 Death Penalty | **IMMIGRATION** | | |
| |     Employment    **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -    ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| |     Other    ☐ 550 Civil Rights |     Actions | | |
| | ☐ 448 Education    ☐ 555 Prison Condition | | | |
| |    ☐ 560 Civil Detainee - | | | |
| |     Conditions of | | | |
| |     Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
28 U.S.C. § 1331 and 15 U.S.C. § 1116(a)

Brief description of cause:
Trademark infringement/Dilution and Action for Specific Performance

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $   Injunctive Relief

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ Yes ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE          DOCKET NUMBER

DATE   11/16/15

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #     AMOUNT     APPLYING IFP     JUDGE     MAG. JUDGE

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: __1016 W. Ninth Avenue, King of Prussia, PA  19406__

Address of Defendant: __1020 Ambrose Avenue, Alpharetta, GA  30022 and 4410 Johns Creek Parkway, Suwanee, GA  30024__

Place of Accident, Incident or Transaction: __Montgomery County, PA__

*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?

   (Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))     Yes☐  No☒

Does this case involve multidistrict litigation possibilities?     Yes☐  No☒

*RELATED CASE, IF ANY:*

Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
     Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
     Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
     Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
     Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☒ All other Federal Question Cases
    (Please specify) __Lanham Act__

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

**ARBITRATION CERTIFICATION**

*(Check Appropriate Category)*

I, __Constantine G. Fournaris__ , counsel of record do hereby certify:

  ☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

  ☐ Relief other than monetary damages is sought.

DATE: __11/14/15__       _____       #63902

                           Attorney-at-Law              Attorney I.D.#

**NOTE:** A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __11/14/15__       _____       #63902

                           Attorney-at-Law              Attorney I.D.#

CIV. 609 (5/2012)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| Goddard Systems, Inc. | : | CIVIL ACTION |
| v. | : | |
| Susan A. Masten and The Masten Team, Inc. | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

## SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( X )

| | | |
|---|---|---|
| __11/16/15__ | ⌐⌐⌐ | Goddard Systems, Inc. |
| **Date** | Constantine T. Fournaris | **Attorney for** |
| | **Attorney-at-law** | |
| 215 988 8311 | 215 988 8344 | cfournaris@wiggin.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GODDARD SYSTEMS, INC.      :
1016 W. Ninth Avenue,      :
King of Prussia, Pennsylvania 19406      :
      :
      **Plaintiff**      :
      :      **CIVIL ACTION NO.**
      **v.**      :
      :
SUSAN A. MASTEN      :
1020 Ambrose Avenue      :
Alpharetta, Georgia 30022      :
      :
and      :      **JURY TRIAL NOT DEMANDED**
      :
THE MASTEN TEAM, INC.      :
4410 Johns Creek Parkway      :
Suwanee, Georgia 30024      :
      :
      **Defendants.**      :

## COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF

### THE PARTIES

1.      Goddard Systems, Inc. ("GSI") is a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business at 1016 W. Ninth Avenue, King of Prussia, Pennsylvania 19406.

2.      Defendant Susan A. Masten ("Masten") is an individual and resident of the State of Georgia, with a home address of 1020 Ambrose Avenue, Alpharetta, Georgia 30022.

3.      Defendant The Masten Team, Inc. ("TMTI") is a Georgia corporation with an address of 4410 Johns Creek Parkway, Suwanee, Georgia 30024.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. § 1331

and 15 U.S.C. § 1116(a) because Defendants are engaging in activities that infringe GSI's

trademarks under Sections 32 and 43 of the Lanham Act, 15 U.S.C. § 1114(1), § 1125(a).

Alternatively, jurisdiction exists over the remaining claims pursuant to 28 U.S.C. § 1367.

5.      This Court also subject matter jurisdiction over this matter under 28 U.S.C.

§ 1332(a)(1) because Plaintiff and Defendants are residents of different states, and the amount in

controversy (including the value of the rights being litigated herein) exceeds $75,000, exclusive

of interest and costs.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a

substantial part of the events or omissions giving rise to the claims occurred in this district.

7.      Jurisdiction and venue are also proper in this Court under the terms of the

applicable Franchise Agreement dated March 31, 2006 (*see* **Exhibit 1**, ¶ 23B), and the

Assignment and Assumption Agreement (*see* **Exhibit 2**, ¶ 6).

## BACKGROUND

8.      GSI is the franchisor of THE GODDARD SCHOOL® preschools, which

specialize in offering to the public pre-school early education programs for children.

9.      Through years of experience, GSI has developed an operating system consisting

of (among other things) specially designed standards and specifications, business information,

curricula, advertising and marketing materials, identification schemes, training programs,

management programs, interior and exterior accessories, and GSI-approved equipment and

equipment layouts (the "Goddard System").

2

10.     GSI is the owner of all of the right, title and interest in and to certain trade names, trademarks and service marks, including the mark THE GODDARD SCHOOL® and other related marks (the "Proprietary Marks"), which are utilized in the operation of the Goddard System.  GSI owns numerous registrations for the mark THE GODDARD SCHOOL®, and related marks.  Each of these registrations has been properly registered by GSI on the Principal Register in the United States Patent and Trademark Office and is in full force and effect.

11.     The registered Proprietary Marks are famous and have acquired secondary meaning in that they are widely recognized by the general consuming public of the United States as a designation of source of the goods or services of GSI and its licensed franchisees.

12.     The mark THE GODDARD SCHOOL® and the other Proprietary Marks are utilized in interstate commerce.

13.     GSI has developed proprietary know-how, trade secrets and unique and successful methods of early childhood education, and has developed a unique, uniform system relating to the operation of THE GODDARD SCHOOL® preschools (the "Franchised Business").  Distinguishing characteristics of the Franchised Business include the Proprietary Marks, the latest available data and information concerning market analysis, procurement of students, sales and merchandising methods, training of franchisees and school personnel, advertising techniques, record-keeping and business management.

14.     The Franchised Business also includes a system of maintaining uniform high standards of quality, appearance and service in each of THE GODDARD SCHOOL® preschools, an operations manual containing standards, specifications and procedures for operating THE GODDARD SCHOOL® preschool, training and instruction in the operation of the franchise, business guidance provided by GSI, and assistance in promoting the Franchised Business.

3

15.     Maintenance of the highest standards of quality, appearance and service is essential to the development and maintenance of the reputation and goodwill of THE GODDARD SCHOOL® preschools.  These standards are important to GSI and to each franchisee.

16.     The goodwill and reputation associated with the Proprietary Marks are impaired when a franchisee fails to maintain standards and operates a non-conforming or unsafe business under THE GODDARD SCHOOL® trademarks and service marks.

17.     GSI and its franchises have for many years spent substantial sums of money promoting THE GODDARD SCHOOL® preschools.  As a result of this extensive promotion, valuable goodwill has been developed for the Proprietary Marks and for THE GODDARD SCHOOL® preschools, products and services that bear the Proprietary Marks and thus identify GSI as their sponsor and source.

18.     The business relationship between GSI and its franchisees is governed by the terms and conditions of a franchise agreement between GSI and each franchisee.

19.     There are over 425 GSI franchisees nationwide, each licensed to use the Proprietary Marks and to operate under GSI's business system, utilizing specially designed standards and specifications, business information, curricula, advertising and marketing materials, identification schemes, training programs, management programs, interior and exterior accessories, and GSI-approved equipment and equipment layouts.

## THE FRANCHISE AGREEMENT

20.     On or about March 31, 2006, Masten entered into a Franchise Agreement and a related Amendment with GSI (collectively, the "Franchise Agreement"), under which she was granted the right and undertook the obligation to operate THE GODDARD SCHOOL® preschool

4

at 4410 Johns Creek Parkway, Suwanee, Georgia 30024 (the "School").  *See* Franchise

Agreement, attached as **Exhibit 1**.

21.     On or about March 31, 2006, Masten and TMTI (collectively, the "Franchisees")

and GSI executed an Assignment and Assumption Agreement (the "Assignment," attached as

**Exhibit 2**), under which Masten assigned all of her rights and obligations under the Franchise

Agreement to TMTI and TMTI assumed all of her rights and obligations under the Franchise

Agreement.  Under the Assignment, Masten expressly agreed to continue to be bound by the

Franchise Agreement and to be the unconditional guarantor of all of the obligations of TMTI.

22.     The initial term of the Franchise Agreement commenced on the date of the

Franchise Agreement (March 31, 2006) and was set to last for an initial term of 15 years (until

March 31, 2021).  *See* Franchise Agreement (Ex. 1), ¶ 2.A.

23.     Under the terms of the Franchise Agreement and the Assignment, the Franchisees

received a limited license to use the Proprietary Marks, to utilize GSI's latest available data and

information concerning early childhood education, and to employ the unique THE GODDARD

SCHOOL® operating system developed and owned by GSI.

24.     Under the terms of the Franchise Agreement, the Franchisees were required to

pay GSI a continuing monthly royalty fee during the term of the Franchise Agreement equal to

seven percent (7%) of the gross receipts of the School, plus monthly advertising contributions.

*See* Franchise Agreement (Ex. 1), ¶ 4.A(5) and 5.B.  Late payments bear interest of 1.5% per

month (or the maximum legal interest rate, if lower), compounded monthly.  *Id.* ¶ 5(C).

25.     The Franchisees also agreed to "maintain one operating account to make all

payments required by this [Franchise] Agreement" and, at GSI's request, Franchisees agreed to

"sign and deliver to [GSI] appropriate pre-authorized draft forms to establish a bank draft

arrangement for the operating account and make sufficient funds available in the operating account no later than the due date for any required payments." *See* Franchise Agreement ¶ 4.F.

26.     In order to protect the goodwill and value of the Proprietary Marks, the Franchise Agreement requires the Franchisees, among other things, to attend initial and continuing training; operate the School according to the operations manual; employ a director who has completed GSI's director training program; to devote full time, energy and efforts to the management and operation of the School; to provide for specified insurance coverage for the School; and to allow GSI to inspect the School to ensure that the Franchisees are complying with their obligations under the Franchise Agreement. *See* Franchise Agreement (Ex. 1), ¶¶ 6, 8, 16.A.

27.     The Franchise Agreement contains acknowledgments and agreements by the Franchisees concerning the importance of maintaining GSI's standards for quality, appearance and service. For example, Paragraph 6 of the Franchise Agreement (Ex. 1) provides in relevant part:

> B.     You shall develop the School in the manner prescribed by us for The Goddard School, including the implementation of the System, and shall use in the operation of the School only those brands and types of equipment and supplies which meet our standards and specifications. ...
>
> . . .
>
> G.     You shall maintain the School in the highest degree of safety, sanitation, repair and condition, and shall perform any periodic repainting, repairs to impaired equipment and replacement of obsolete signs as we may reasonably direct. At our request, which shall not be more often than once every 3 years, you shall refurbish the School at your expense, to conform to our then-current public image, and shall make any structural changes, remodeling and redecorating and other modifications to existing improvements as may be necessary. You shall also purchase any additional equipment and replace any obsolete equipment as we may direct at your expense.
>
> . . .

6

I.      You shall comply with all quality assurance and service standards we prescribe from time to time.

. . .

K.      You shall make all payments required under this Agreement in the manner and at the time prescribed in this Agreement.

28.     By way of further example, Paragraph 8 of the Franchise Agreement (Ex. 1) provides in relevant part:

A.      In order to protect our reputation and the goodwill of The Goddard Schools and to maintain uniform standards of operation under the Proprietary Marks, you shall locate, construct, furnish, equip and operate the School in accordance with the Manual, one copy of which will be supplied to you upon your arrival at training.

B.      ... The mandatory provisions of the Manual shall constitute provisions of this Agreement as if fully set forth in this Agreement and all references to this Agreement shall include the mandatory provisions of the Manual. ...

29.     The Franchise Agreement also contains acknowledgments and agreements concerning the use of the Proprietary Marks.  For example, Paragraph 7 of the Franchise Agreement (Ex. 1) provides in relevant part:

A.      Your right to use the Proprietary Marks is derived solely from this Agreement and is limited to the conduct of business by you pursuant to and in compliance with this Agreement.  You agree that all usage of the Proprietary Marks and any goodwill established thereby shall inure to our exclusive benefit. You acknowledge that this Agreement does not confer any goodwill or other interest in the Proprietary Marks upon you.  You agree to modify or discontinue use of any Proprietary Mark and/or use one or more additional or substitute Proprietary Marks, at any time, if we determine in our sole discretion, that it is advisable to do so.

30.     The Franchise Agreement provides that GSI is entitled to terminate the Franchise Agreement immediately if the Franchisees engage in conduct that, in GSI's judgment, has or may affect the goodwill of the Proprietary Marks.  *See* Franchise Agreement (Ex. 1), ¶ 13.A(3).

7

31.     The Franchise Agreement further provides that GSI is entitled to terminate the

Franchise Agreement if Franchisees fail to cure any breach of their obligations, after notice, or if

Franchisees breach their Franchise Agreement obligations on two or more occasions within a 12-

month period, whether or not each breach was cured. *See* Franchise Agreement (Ex. 1),

¶ 13.A(10), (B).

32.     Under paragraph 23.E of the Franchise Agreement, Franchisees agreed that, in

any action brought to enforce GSI's rights under the Franchise Agreement, GSI is entitled to

recover, in addition to any other recovery, reasonable attorneys' fees together with court costs

and expenses of litigation.

## THE FRANCHISEES COMMIT MULTIPLE AND CONTINUED
## BREACHES OF THE FRANCHISE AGREEMENT

33.     Notwithstanding the Franchisees' promises to GSI under the Franchise

Agreement and the Assignment, Franchisees failed to comply with their obligations under the

Franchise Agreement.

34.     By Notice of Default dated September 18, 2009 (copy attached as **Exhibit 3)**,

Franchisees were notified of their failure to meet their continuing monthly royalty fees and

advertising contributions to GSI and of their failure to authorize GSI to obtain payments directly

from their operating account via electronic funds transfer or via ACH.  The Franchisees corrected

some but not all of these defaults.

35.     The Franchisees continued to fail to comply with all their obligations under the

Franchise Agreement and Assignment.  By Notice of Default dated February 18, 2014 (copy

attached as **Exhibit 4**), GSI notified Franchisees of their repeated failure to pay their continuing

monthly advertising contributions to GSI and of their continued failure to authorize GSI to obtain

8

payments directly from their operating account via electronic funds transfer or via ACH. The Franchisees corrected some but not all of these defaults.

36.     The Franchisees continued to fail to comply with their obligations under the Franchise Agreement and Assignment. Once again, Franchisees failed to pay or underpaid certain royalties and advertising contributions due to GSI, and Franchisees also failed to authorize GSI to obtain payments directly from their operating account via electronic funds transfer or via ACH. In addition, Franchisees failed to make certain upgrades and improvements to the School as required by GSI in order to bring the facility into compliance with GSI's current standards.

37.     By Notice of Default dated July 24, 2015 (the "Third Notice," copy attached as **Exhibit 5**), GSI warned the Franchisees that the failure to cure would result in GSI exercising its right to terminate the agreement. In particular, Franchisees were advised of their failure to pay monthly royalty fees and monthly advertising contributions, their repeated failure to authorize GSI to obtain payments directly from their operating account via electronic funds transfer or via ACH and their repeated failure to make certain upgrades and improvements to the School (all as itemized in a list of outstanding items in a System Standards Tracking Sheet attached thereto), all obligations required to be performed under the Franchise Agreement. A copy of the Third Default Notice is attached hereto as **Exhibit 5.**

38.     To date, Franchisees paid their overdue royalties stated in the Third Default but failed to pay royalties for October 2015 which are now overdue, failed to pay all overdue advertising contributions stated in the Third Default and failed to pay advertising contributions for October 2015 which are now overdue, failed to authorize GSI to obtain payments directly

9

from their operating account via electronic funds transfer or via ACH, and failed to make the required upgrades and improvements to the School identified in the Third Notice.

39.     Franchisees' actions detailed above have caused and continue to cause irreparable harm to GSI, including harm to GSI's reputation and goodwill and its ability to control its marks. Granting the requested injunctive relief would not harm any third parties and would advance the public interest.

40.     By this Complaint, GSI seeks to enforce the terms of and Franchisees' obligations under the Franchise Agreement.

## COUNT I

### TRADEMARK INFRINGEMENT AND DILUTION
### (Against All Defendants)

41.     GSI incorporates each of the preceding paragraphs as if fully set forth in this paragraph.

42.     Franchisees' use in commerce of THE GODDARD SCHOOL® trademark, trade name and trade dress in derogation of GSI's System Standards is outside the scope of the Franchise Agreement and without GSI's consent. It is therefore is likely to confuse or deceive the public into believing, contrary to the fact, that the unauthorized activities of Franchisees are licensed, franchised, sponsored, authorized, or otherwise approved by GSI.  Such continued use of THE GODDARD SCHOOL® trademark, trade name and trade dress infringes GSI's exclusive rights in GSI's trademarks under § 32 of the Lanham Act, 15 U.S.C. § 1114, and applicable state law.

43.     Franchisees' commercial use in commerce of THE GODDARD SCHOOL® trademark, trade name and trade dress in derogation of GSI's System Standards is outside the scope of the Franchise Agreement and without GSI's consent. It therefore causes dilution of the

distinctive quality of GSI's trademark, trade name and trade dress. Such unauthorized use of

GSI's trademark, trade name and trade dress violates § 43 of the Lanham Act, 15 U.S.C.

§ 1125(c), and applicable state law.

44.      As a result of Franchisees' actions, GSI has suffered and is continuing to suffer

irreparable injury, and has incurred and is continuing to incur monetary damage in an amount

that cannot be determined or has yet to be determined.

45.      GSI has no adequate remedy at law because it cannot be adequately compensated

for the deprivation and dilution of the consumer recognition and goodwill built up under the GSI

trademarks, trade name, trade dress and business system over many years.

## COUNT II

### UNFAIR COMPETITION
### (Against All Defendants)

46.      GSI incorporates the allegations contained in the preceding paragraphs as if fully set

forth in this paragraph.

47.      Franchisees' use in commerce of THE GODDARD SCHOOL® trademark and

trade name in derogation of GSI's System Standards is outside the scope of the Franchise

Agreement and without GSI's consent. It is therefore likely to cause confusion, or to cause

mistake, or to deceive as to the origin, sponsorship, or approval of the goods, services or

commercial activities by another person. Such unauthorized use of GSI's trademark and trade

name violates § 43 of the Lanham Act, 15 U.S.C. § 1125(a), and applicable state law.

48.      As a result of Franchisees' actions, GSI has suffered and is continuing to suffer

irreparable injury, and has incurred and is continuing to incur monetary damage in an amount

that cannot be determined or has yet to be determined.

11

## COUNT III

### BREACH OF CONTRACT – SPECIFIC PERFORMANCE
### (Against All Defendants)

49.     GSI incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

50.     Under the Third Notice, Franchisees were advised that they had failed to make certain identified upgrades and improvements to the School that were necessary to bring the School into compliance with GSI's current System Standards as required under the Franchise Agreement.  Franchisees were given 30 days within which to demonstrate to GSI the completion of these upgrades and improvements, which they failed to do.

51.     As a direct result of Franchisees' conduct, GSI has suffered irreparable injury to the reputation and goodwill associated with the Proprietary Marks, trade name, and trade dress of THE GODDARD SCHOOL® preschools and GSI's other franchisees.

52.     Under the Third Notice, Franchisees also were advised that they failed to authorize GSI to obtain payments directly from their operating account via electronic funds transfer or via ACH, as required under the Franchise Agreement.

53.     Franchisees have breached the Franchise Agreement by failing to: (a) bring the School into compliance with GSI's current System Standards, which standards are essential to upholding the Goddard brand and are required to be adhered to under the Franchise Agreement; and (b) authorize GSI to obtain payments directly from their operating account via electronic funds transfer or via ACH.

54.     GSI has a right to obtain Franchisees' specific performance of Franchisees' duties and obligation under paragraphs 4.F, 6.B, and 6.G of the Franchise Agreement.  GSI has no adequate remedy at law, and justice requires that Franchisees' specific performance of

Franchisees' duties and obligations under paragraphs 4.F, 6.B, and 6.G of the Franchise Agreement.

55.     Pursuant to Paragraph 23.E, GSI is entitled to its costs and reasonable attorneys' fees incurred in enforcing Franchisees' obligations under the Franchise Agreement.

**COUNT IV**

**BREACH OF CONTRACT – MONEY DAMAGES**
**(Against All Defendants)**

56.     GSI incorporates the allegations contained in the preceding paragraphs as if fully set forth in this paragraph.

57.     As of the date of this Complaint, Franchisees owe GSI the amount of $5,824.00.00, plus accrued interest, for overdue royalties as required under the Franchise Agreement.

58.     As of the date of this Complaint, Franchisees owe GSI the amount of $3,482.00, plus accrued interest, for overdue advertising contributions as required under the Franchise Agreement.

59.     Franchisees have breached their obligations and promises under the Franchise Agreement and Assignment by failing and refusing to pay GSI as set forth above.

60.     As a result of Franchisees' breach of the Franchise Agreement and Assignment, GSI has been damaged under the Franchise Agreement in the amount of $9,306.00, plus accrued interest, for overdue royalties and advertising contributions as required under the Franchise Agreement.

61.     Pursuant to Paragraph 23.E, GSI is entitled to its costs and reasonable attorneys' fees incurred in enforcing Franchisees' obligations under the Franchise Agreement.

**WHEREFORE,** Plaintiff Goddard Systems, Inc. demands judgment in its favor and against Defendants Susan A. Masten and The Masten Team, Inc., jointly and severally, as follows:

(a) Enjoining Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons, partnership or corporation, from further infringing upon or diluting GSI's trademarks, trade name and trade dress by, among other things, using in commerce THE GODDARD SCHOOL® trademark, trade name and trade dress in derogation of GSI's System Standards or otherwise outside the scope of the license set forth in the Franchise Agreement, and from otherwise engaging in unfair competition with GSI, and from denying GSI any future access to the School to conduct future quality assurance and system standards reviews;

(b) Entering an Order declaring that GSI has a right to obtain and justice requires that Defendants be required to provide specific performance under the Franchise Agreement in the form of authorizing GSI to obtain payments directly from their operating account via electronic funds transfer or via ACH and performing all remaining overdue required upgrades and improvements to the School identified in the Third Notice and, accordingly, directing Defendants to immediately authorize GSI to obtain payments directly from their operating account via electronic funds transfer or via ACH and to cure, satisfy and otherwise perform all remaining overdue required upgrades and improvements to the School identified in the Third Notice.

(c) Enjoining Defendants, their agents, servants, employees and attorneys, and all others in active concert or participation with any of them, either directly or indirectly, for themselves, or through, on behalf of, or in conjunction with any other person, persons,

partnership or corporation, from otherwise operating the School in violation of GSI's current

System Standards, including as identified in the Third Notice of Default and the Systems

Standards Tracking Sheet attached thereto;

    (d)    Money damages attributable to Defendants' breaches of the Franchise Agreement

and the Assignment in an amount to be determined at trial;

    (e)    Compensatory damages in an amount to be determined at trial;

    (f)    Exemplary damages in an amount to be determined at trial;

    (g)    Attorney's fees;

    (h)    Costs of this action;

    (i)    Pre-judgment and post-judgment interest; and

    (j)    Such further relief as this Court deems appropriate.

Respectfully submitted,

**GODDARD SYSTEMS, INC.**

Dated: November 16, 2015    By:    _____

Constantine T. Fournaris
James A. Goniea
PA Attorney ID Nos. 63902 and 207313
WIGGIN AND DANA LLP
50 S. 16th Street
Two Liberty Place, Suite 2925
Philadelphia, PA 19102
215-988-8311
cfournaris@wiggin.com

*Attorneys for Plaintiff Goddard Systems, Inc.*

15